UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **DEBRA HOPKINS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**AVOW HOSPICE, INC.**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-389<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, **DEBRA HOPKINS** ("HOPKINS" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1.  This is an action brought under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) disability discrimination in violation of the ADA, (4) disability discrimination in violation of the FCRA, (5) retaliation in violation of the ADA, and (6) retaliation in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, **DEBRA HOPKINS** ("**HOPKINS**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3. Defendant, **AVOW HOSPICE, INC.** ("Defendant") is a Florida corporation with a principal place of business located in Naples, Florida, and employed **HOPKINS** at that location.

4. At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **HOPKINS**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Collier County is within the Fort Myers Division.

8. **HOPKINS** timely filed her Charge of Discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission (EEOC),

and this action is timely filed as she received her Notice of Right to Sue from the EEOC on March 31, 2022. (*See* Exhibit 1 – EEOC Notice of Right to Sue).

## GENERAL ALLEGATIONS

9. **HOPKINS** began her employment with the Defendant on or about August 4, 2014 and was last employed as a QAPI Practitioner.

10. **HOPKINS** was born in 1957 and thus was well over the age of 40 at the time of her termination by the Defendant.

11. **HOPKINS** always performed her assigned duties in a professional manner and was very well qualified for her position.

12. **HOPKINS** always met and exceeded performance and productivity goals, and received very good to excellent performance reviews.

13. **HOPKINS** was a qualified person with a disability, and thus a member of a protected class, as she suffers from impairments of the cardio-pulmonary system, more specifically coronary artery disease (a fact the Defendant was aware of).

14. **HOPKINS**'s impairments impact her ability to perform major life activities, such as breathing and working when not in remission.

15. **HOPKINS** has a history of these impairments that limits major bodily functions and several major life activities. **HOPKINS**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

16.     Beginning in March 2020, the Defendant assigned **HOPKINS** and a great number of administrative employees to work from home as the COVID-19 pandemic was unfolding.

17.     **HOPKINS'** disability did not impair her ability to perform the essential functions of her position since she was working from home and could avoid travel into the Defendant's physical offices.

18.     Any form of travel, including walking even just 20-feet, causes **HOPKINS** great shortness of breath, angina and exhaustion, and requires her to take a break and take medication to alleviate the symptoms.

19.     Working from home allowed **HOPKINS** to perform the essential functions of her position because she did not have to commute to work or walk a distance into the Defendant's building. The Defendant was aware of this.

20.     However, beginning in June 2021, the Defendant arbitrarily decided to remove what had been a reasonable accommodation for **HOPKINS'** disability and instead demanded that she immediately begin reporting into the Defendant's building.

21.     This was despite the fact that **HOPKINS** can – and had been – fully performing all of the essential functions of her job by working from home. In fact, the Defendant had issued **HOPKINS** a performance review shortly prior to revoking her reasonable accommodation wherein she was rated as fully performing all essential job functions, rating her as "exceeding expectations." This

was while she was performing the essential functions of her position with the reasonable accommodation of working from home.

22. Nevertheless, after **HOPKINS** renewed her request for the reasonable accommodation to be reinstated, the Defendant merely stated that she could either return to work without restrictions or else she would be involuntarily separated from her employment.

23. It then sought to replace **HOPKINS** with younger, nondisabled employees and, upon information and belief, did so.

24. At all material times, the Defendant was aware of **HOPKINS**' age and disability, which are the bases for its discriminatory employment practices toward her.

## COUNT I – VIOLATION OF THE ADEA

25. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

26. **HOPKINS** was an employee and the Defendant was her employer covered by and within the meaning of the ADEA.

27. **HOPKINS** is a member of the protected age class (over the age of 40).

28. **HOPKINS** was well qualified for the positions she held with the Defendant.

29. Despite her qualifications, **HOPKINS** has suffered adverse employment action in the form of termination.

30. A younger person or persons with inferior qualifications and performance replaced **HOPKINS**.

31. The Defendant sought applicants for the same position that **HOPKINS** held who were outside of **HOPKINS**'s protected class.

32. The Defendant has discriminated against **HOPKINS** in the terms and conditions of her employment on the basis of her age, in violation of ADEA.

33. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **HOPKINS** because of her age.

34. The Defendant's violations of the law were knowing and willful.

35. A causal connection exists between **HOPKINS**'s age and her termination.

36. As a result of the above-described violations of the ADEA, **HOPKINS** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

37. **HOPKINS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

38. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

39. **HOPKINS** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

40. **HOPKINS** is a member of the protected age class (over the age of 40).

41. **HOPKINS** was well qualified for the positions she held with the Defendant.

42. Despite her qualifications, **HOPKINS** has suffered adverse employment action in the form of termination.

43. A younger person or persons with inferior qualifications and performance replaced **HOPKINS**.

44. The Defendant sought applicants for the same positions that **HOPKINS** held who were outside of **HOPKINS**'s protected class.

45. The Defendant has discriminated against **HOPKINS** in the terms and conditions of her employment on the basis of her age, in violation of the FCRA.

46. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **HOPKINS** because of her age.

47. The Defendant's violations of the law were knowing and willful.

48. A causal connection exists between **HOPKINS**'s age and her termination.

49. As a result of the above-described violations of the FCRA, **HOPKINS** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

50. **HOPKINS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

51. The Plaintiff hereby incorporates by reference Paragraphs 1-24 in this Count by reference as though fully set forth below.

52. At all relevant times, **HOPKINS** was an individual with a disability within the meaning of the ADAAA.

53. Specifically, **HOPKINS** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

54. **HOPKINS** is a qualified individual with disabilities as that term is defined in the ADAAA.

55. **HOPKINS** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

56. At all material times, **HOPKINS** was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

57. Defendant was made aware and was aware of **HOPKINS**'s disabilities, which qualify under the ADAAA.

58. Defendant discriminated against **HOPKINS** with respect to the terms, conditions, and privileges of employment because of her disabilities.

59. Defendant conducted itself with malice or with reckless indifference to **HOPKINS**'s federally protected rights.

60. Defendant discriminated against **HOPKINS** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

61. The conduct of Defendant altered the terms and conditions of **HOPKINS**'s employment and **HOPKINS** suffered negative employment action in the form of discipline and termination.

62. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **HOPKINS** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

63. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **HOPKINS** is entitled to all relief necessary to make her whole.

64. As a direct and proximate result of the Defendant's actions, **HOPKINS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

65. **HOPKINS** has exhausted her administrative remedies and this count was timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

    iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.    Reasonable attorney's fees plus costs;

    v.     Compensatory damages;

    vi.    Punitive damages, and;

    vii.   Such other relief as this Court shall deem appropriate.

### COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

66. The Plaintiff hereby incorporates by reference Paragraphs 1-24 in this Count by reference as though fully set forth below.

67. At all relevant times, **HOPKINS** was an individual with a disability within the meaning of the FCRA.

68. Specifically, **HOPKINS** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

69. **HOPKINS** is a qualified individual with disabilities as that term is defined in the FCRA.

70. **HOPKINS** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

71. At all material times, **HOPKINS** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

72. Defendant was made aware and was aware of **HOPKINS**'s disabilities, which qualify under the FCRA.

73. Defendant discriminated against **HOPKINS** with respect to the terms, conditions, and privileges of employment because of her disabilities.

74. Defendant conducted itself with malice or with reckless indifference to **HOPKINS**'s protected rights under Florida law.

75. Defendant discriminated against **HOPKINS** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

76. The conduct of Defendant altered the terms and conditions of **HOPKINS**'s employment and **HOPKINS** suffered negative employment action in the form of discipline and termination.

77. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **HOPKINS** has lost all of the benefits and privileges

of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

78. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **HOPKINS** is entitled to all relief necessary to make her whole.

79. As a direct and proximate result of the Defendant's actions, **HOPKINS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

80. **HOPKINS** has exhausted her administrative remedies and this count was timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

  iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

  iv. Reasonable attorney's fees plus costs;

  v. Compensatory damages;

  vi. Punitive damages, and;

  vii. Such other relief as this Court shall deem appropriate.

## **COUNT V – VIOLATION OF THE ADA- RETALIATION**

81. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

82. Following **HOPKINS'** request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **HOPKINS**.

83. Said protected activity was the proximate cause of Defendant's negative employment actions against **HOPKINS** including changed working conditions, discipline, and ultimately termination.

84. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **HOPKINS** via changed working conditions, discipline, and termination.

85. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

86. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **HOPKINS** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

87. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **HOPKINS** is entitled to all relief necessary to make her whole as provided for under the ADA.

88. As a direct and proximate result of Defendant's actions, **HOPKINS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

89. **HOPKINS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

    iv.    Reasonable attorney's fees plus costs;

    v.    Compensatory damages;

    vi.    Punitive damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

90. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

91. Following **HOPKINS'** request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **HOPKINS**.

92. Said protected activity was the proximate cause of Defendant's negative employment actions against **HOPKINS** including changed working conditions, discipline, and ultimately termination.

93. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **HOPKINS** via changed working conditions, discipline, and termination.

94. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

95. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **HOPKINS** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

96. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **HOPKINS** is entitled to all relief necessary to make her whole as provided for under the FCRA.

97. As a direct and proximate result of Defendant's actions, **HOPKINS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

98. **HOPKINS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

   i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she

maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: June 24, 2022         **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com